UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE: YAMAHA MOTOR CORP. RHINO     Case No. 3:09-MD-02016-JBC
ATV PRODUCTS LIABILITY LITIGATION     MDL No. 2016
_____

JAMES TATROW,
    Plaintiff

v.     Case No. 3:09-CV-996-JBC

YAMAHA MOTOR CO., LTD., ET AL.,
    Defendants

## MEMORANDUM OPINION AND ORDER

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss counts six and seven of the plaintiff's complaint, to which the plaintiff has not responded. R.14. For the following reasons, the motion will be granted in part and denied in part.

Plaintiff James Tatrow was injured on October 13, 2007, allegedly as a result of his operation of a Yamaha Rhino. On December 28, 2009, Tatrow lodged a complaint with this court. His complaint contains several causes of action, including strict liability, negligence, breach of warranty, and two statutory causes of action.

Plaintiff's sixth cause of action must fail because the provision of the statute allegedly violated does not support a private right of action. In his complaint, the

plaintiff claims that the defendants violated the Federal Consumer Product Safety Act ("CPSA"),[1] 15 U.S.C. § 2051. R. 1 at 20. Specifically, he argues that the defendants failed to report the dangerous propensities of the Rhino, as required by the CPSA. However, a majority of courts, including the Sixth Circuit, have held that violations of the CPSA's reporting requirements do not support a private right of action.

The statutory language alone does not answer whether the CPSA supports the plaintiff's cause of action. Section 2072 provides that "[a]ny person who shall sustain injury by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission may sue any person who knowingly (including willfully) violated any such rule." The "rules" allegedly violated by the defendants are 16 C.F.R. 1115 and 1116. These require that a manufacturer who learns that a consumer product creates an unreasonable risk of serious injury report the danger to authorities.

Courts interpreting the CPSA, however, have held that this language cannot support a private claim. In an unpublished opinion, the Sixth Circuit joined several other circuits in holding that violations of these reporting requirements do not support a private right of action. *See Daniels v. American Honda Motor Co.*, 1992 U.S. App. LEXIS 32592 at *11-12 (6th Cir. Dec. 7, 1992) ("We agree with the

---

[1]The CPSA has been extensively amended and is now cited as the Consumer Product Safety Improvement Act of 2008. 63B Am. Jur. 2d *Products Liability* § 1990 (2010).

reasoning of those circuits, and join in their conclusion that the Consumer Products Safety Act does not recognize a private cause of action for violations of the Act's reporting requirements.") (citations omitted). *See also Copley v. Heil-Quaker Corp.*, 818 F.2d 866 at *4-5 (6th Cir., May 20, 1987). This interpretation has gained broad support. *See, e.g., Kloepfer v. Honda Motor Co.*, 898 F.2d 1452, 1457 (10th Cir. 1990); *Drake v. Honeywell*, 797 F.2d 603 (8th Cir. 1986); *Kukulka v. Holiday Cycle Sales, Inc.*, 680 F. Supp. 266, 268-69 (E.D. Mich. 1988). This court declines to depart from this long line of cases and agrees that there is no private right of action for violations of the CPSA's reporting requirements.

Count seven of the plaintiff's complaint alleges that the defendants violated the Tennessee Consumer Protection Act ("TCPA"), §47-18-101, et seq. Specifically, the plaintiff claims that the defendants concealed or failed to reveal information about the Yamaha Rhino, in violation of the TCPA. Two courts have held that this act cannot be a basis for recovering damages for personal injuries. *See Howard v. R.J. Reynolds Tobacco Co.*, 2005 U.S. Dist. LEXIS 34458 (E.D. Tenn., Aug. 25, 2005); *Kirksey v. Overton Pub., Inc.*, 804 S.W.2d 68 (Tenn. Ct. App. 1990). Although the court acknowledges these decisions, this challenge nonetheless involves specific questions of state law. Therefore, a trial court will be in a better position than is this MDL court to make a decision regarding the seventh cause of action.

Accordingly, **IT IS ORDERED** that the defendants' motion to dismiss (R. 14) is **GRANTED** as to count six of the plaintiff's complaint and **DENIED** as to count

seven of the plaintiff's complaint.

Signed on October 12, 2010

**Jennifer B. Coffman, Judge**
**United States District Court**